IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| PAUL EDWARD LAMMONS | § | |
| v. | § | CIVIL ACTION NO. 6:11cv182 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Paul Lammons, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Lammons was convicted of aggravated robbery in the 173rd Judicial District Court of Henderson County, Texas, receiving a sentence of 45 years in prison. The evidence presented in state court showed that Lammons and a confederate named Julie Rigsby robbed a convenience store owner named Mitchell Manning. About six hours after the robbery took place, Lammons and Rigsby were apprehended in Bell County, some 160 miles from where the crime had taken place. Lammons was driving Manning's truck, which contained a number of items stolen from Manning, including credit cards in Manning's name. Other items stolen from Manning in the robbery were found in Rigsby's purse. Lammons gave the police Manning's driver's license when he was stopped and lied about his possession of the truck, saying that it was a "family dispute" which had caused the truck to be reported as stolen.

In his federal habeas petition, Lammons argued that the evidence was insufficient to support his conviction, that the State improperly shifted the burden of proof in closing argument, and that he received ineffective assistance of counsel. The Magistrate Judge ordered the Respondent to answer the petition, and Lammons did not file a response to the answer.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the habeas petition be dismissed. The Magistrate Judge determined that there was sufficient evidence to permit a rational juror to find Lammons guilty, that the State did not impermissibly shift the burden of proof but merely commented on the failure by the defense to produce witnesses and evidence in his favor, Lammons' claim lacked merit to the extent that it objected to the State's jury argument, and Lammons did not receive ineffective assistance of counsel. Lammons has filed objections to the Report of the Magistrate Judge.

In his objections, Lammons complains first that the Magistrate Judge considered only one of the allegedly improper remarks by the State. He says that the full record of these remarks shows as follows:

THE STATE: But you know what? None of that stuff in any way shows that these defendants aren't responsible for their crime. Name one piece of evidence that was brought before you by the State or the defense that shows these defendants are not responsible ...

COUNSEL: Judge, I object to that as an attempt to shift the burden of proof by the State.

THE STATE: Judge, I don't have a burden to produce all the evidence, just on these elements. And I'm not shifting the burden of proof.

THE COURT: Overruled.

THE STATE: Any evidence brought forth by the defense or the State that show that these defendants didn't commit this offense. Anything, y'all can consider all the evidence. The evidence brought by me, the evidence brought by the defendants.

Later, Lammons says, the State made the following argument:

THE STATE: You know what, there's absolutely no evidence that has been presented in this trial that those defendants got that truck in any way other than the robbery at Mr. Manning's house on August 7, 2007.

Contrary to Lammons' contention, all of these statements were addressed in the Magistrate Judge's Report. The first portion of the remarks were addressed on pages 7 and 8 of the Report, and the Magistrate Judge concluded that the remarks did not shift the burden of proof, but simply commented upon Lammons' failure to produce favorable evidence and testimony. *See* Caron v. State, 162 S.W.3d 614, 618 (Tex.App.-Houston [1st Dist.] 2005, no pet.); Jackson v. State, 17 S.W.3d 664, 674 (Tex.Crim.App. 2000).

The second portion of the prosecutor's remarks were addressed on pages 10 and 11 of the Report. The Magistrate Judge noted that Lammons' counsel did not object to the remark that "you know what, there's absolutely no evidence that has been presented in this trial that those defendants got that truck in any way other than the robbery at Mr. Manning's house on August 7, 2007," and concluded that, under Caron, this remark also was not a comment on the failure to testify or a shifting of the burden of proof, but was instead a permissible comment upon Lammons' failure to offer evidence in his favor. The Magistrate Judge also concluded that Lammons did not receive ineffective assistance of counsel through the failure to object because he did not show that any valid objection could have been raised, and thus had failed to show that but for the failure to object, the result of the proceeding would probably have been different. Lammons' first objection, that the Magistrate Judge failed to consider all of the allegedly improper statements, is thus without merit.

Second, Lammons contends that the Magistrate Judge "lacked discretion" to conclude that the argument was not a comment upon his failure to testify. He says that the comment that "there's absolutely no evidence that has been presented at this trial that those defendants got that truck in any way other than the robbery" is a direct statement that the defense failed to present evidence, including his testimony, and therefore necessarily is a comment upon his failure to testify.

However, Texas law provides that "during jury argument, the State may comment on appellant's failure to present evidence in his favor." Caron, 162 S.W.3d at 618, *citing* Jackson, 17 S.W.3d at 674; Patrick v. State, 906 S.W.2d 481, 491 (Tex.Crim.App. 1995); *and* Thomas v. State, 638 S.W.3d 481, 483 (Tex.Crim.App. 1982). Lammons' theory is that because the defendant's

3

testimony would be "evidence," any comment on the failure to present evidence in his favor is necessarily an improper comment on the failure to testimony. Such a theory would eviscerate the decisions of the Texas Court of Criminal Appeals in Jackson, Patrick, and Thomas, all of which held that it was permissible to comment on the failure of a defendant to present evidence in his favor. A review of the testimony at trial shows that the Magistrate Judge properly determined that the State's comments were permissible under Texas law.

Furthermore, the Texas courts held that these remarks were proper, and so in order to prevail in a federal habeas corpus proceeding, Lammons must show that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d); Moore v. Cockrell, 313 F.3d 880, 881 (5th Cir. 2002). Lammons has failed to make such a showing. His objection on this point is without merit.

Third, Lammons complains that the Magistrate Judge failed to consider whether the remarks by the prosecutor could be construed as comments on Lammons' failure to testify. On page 10 of the Report, the Magistrate Judge concluded that "the remarks of the prosecutor were not improper under Texas law because they merely highlighted on the failure to provide evidence in Lammons' favor and did not comment upon his failure to testify." The Magistrate Judge correctly determined that the prosecutor's remarks amounted to comments on Lammons' failure to provide evidence and witnesses, but did not "fault the defendant for exercising his right not to testify." Jackson, 17 S.W.3d at 674. Lammons' objection on this point is without merit.

Fourth, Lammons complains that the Magistrate Judges' reasoning, findings, and conclusions concerning his claim that the evidence was not sufficient "basically followed those of the Sixth Court of Appeals. This deprived petitioner of an independent review of the State court rulings on this issue." He says that the conclusion that the first intruder referred to the second intruder as "she" is just an assumption, and that it is "an equally plausible assumption" that the intruder was referring

4

to "an unseen third, fourth, or fifth party inside or outside the house" with the pronoun "she." He also challenges the testimony of Larry Merritt, a fellow inmate of the Bell County Jail to whom the Magistrate Judge referred in a footnote.

Lammons says that the Sixth Court of Appeals referred to seven factors as being sufficient to sustain the conviction on legal sufficiency grounds, but none of these tie him to the crime scene in any affirmative manner. He concedes the "already established fact" that he was in possession of the stolen property in Bell County six hours after the crime, but says that the evidence provided by Merritt regarding Lammons ' being taken into custody in Bell County "would not be considered as an additional factor supporting the legal sufficiency of the evidence."

Contrary to Lammons' contention, the unexplained possession of stolen property six hours after a robbery 160 miles away is sufficient evidence to support a conviction for the robbery. Poncio v. State, 185 S.W.4d 904, 905 (Tex.Crim.App. 2006); Espinosa v. State, 463 S.W.2d 8, 10 (Tex.Crim.App. 1971); Sullivan v. State, 433 S.W.2d 904, 905 (Tex.Crim.App. 1968). In reviewing the sufficiency of the evidence in the context of habeas corpus proceedings challenging the judgment of a state court, the federal court's review is limited to determining whether, based upon the record evidence adduced at trial, no rational trier of fact could have found proof of guilt beyond a reasonable doubt. Lucas v. Johnson, 132 F.3d 1069, 1078 (5th Cir. 1998), *citing* Jackson v. Virginia, 443 U.S. 307, 324 (1979). The court's review of the evidence is conducted in the light most favorable to the verdict. Selvage v. Lynaugh, 823 F.2d 845, 847 (5th Cir. 1987). The fact that the evidence was circumstantial does not mean that it is insufficient or that it will not support a verdict. U.S. v. Ochoa, 609 F.2d 198, 203 (5th Cir. 1980).

In this case, sufficient evidence existed upon which a rational trier of fact could have found proof beyond a reasonable doubt. Even if the evidence that Lammons was in possession of stolen property, including a vehicle, six hours after the robbery 160 miles away, is only inferential or circumstantial, it is nonetheless sufficient, when viewed in the light most favorable to the verdict,

for a rational trier of fact to find Lammons guilty beyond a reasonable doubt. His objections to the Report of the Magistrate Judge are without merit.

The Court has conducted a careful *de novo* review of the pleadings in the cause, including the original petition, the answer of the Respondent, the state court records, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings and documents in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Paul Lammons is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all other motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 2nd day of February, 2012.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**